IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3248-BO

BRICE C. MOORE

        Plaintiff,

v.

MR. RESPASS, et al.,

        Defendants.

**ORDER**

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). D.E. 15. The court ADOPTS the M&R.

**BACKGROUND**

On September 23, 2016, plaintiff Brice C. Moore ("Moore"), a state inmate confined at Pasquotank Correctional Institution ("Pasquotank") proceeding *pro se*, filed a document which the Clerk construed as a complaint pursuant to 42 U.S.C. § 1983, seeking a preliminary injunction and temporary restraining order. D.E. 1. On October 11, 2016, Moore re-filed his action on the form prescribed for use in this district in response to an order of deficiency, see Compl. (D.E. 4), and filed a letter which the Clerk construed as a motion to require that his legal mail be delivered in a manner that would enable him to pursue his claims (D.E. 7).

In his Complaint, Moore alleges that gang members at Pasquotank placed a "hit" on him. See Compl. ¶ V. He alleges that the hit was "forward[ed] to any close custody camp" that the State may transfer him to. Id. As a consequence, Moore (who was in protective custody at the time he filed his Complaint), requests that the defendants be enjoined from transferring him out

of protective custody. Compl. ¶ VII. He also seeks nominal damages. Additionally, Moore requests the court to expunge, and to prohibit, disciplinary convictions that he contends were retaliation for his having sought protective custody. Finally, he claims that Defendant Shaw is destroying his grievances. Id.[1]

On March 9, 2017, Judge Numbers conducted a frivolity review pursuant to 28 U.S.C. § 1915 and recommended that the court dismiss the action as moot and deny Moore's motion relating to mail procedures at Pasquotank. See M&R at 7. On March 23, 2017, Moore filed objections to the M&R (D.E. 16), accompanied by supporting documents (D.E. 16-1).

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. 636(b). Absent a timely objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Moore's objections. As for those portions of the M&R to which Moore made no objection, the court is satisfied that there is no clear error on the face of the record.

The court reviews *de novo* the portions of the M&R to which Moore has objected.

---

[1] On October 20, 2016, Moore was transferred to Alexander Correctional Institution in Taylorsville, North Carolina, where he is presently confined. See http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0288147&searchOffenderId=0288 147&listurl=pagelistoffendersearchresults&listpage=1 (last visited May 24, 2017).

2

First, Moore makes the following six objections to Judge Numbers' conclusion that his claim is moot: (1) he was exposed to a substantial risk of serious harm, see Obj. ¶ 1; (2) Farmer v. Brennan, 511 U.S. 825 (1994) allows officials to be held liable for an assault even if they "could not guess beforehand precisely who would attack whom," id. ¶ 2; (3) refusing to place a prisoner in protective custody may constitute deliberate indifference to a dangerous condition, id. ¶ 4; (4) deliberate indifference may be shown or supported by evidence "of obstacles to admission to protective custody, or of failure of protective custody actually to provide safety," id. ¶ 6; (5) deliberate indifference can be shown by "repeated examples of negligent acts which disclose a pattern of conduct ... or by showing systematic or gross deficiencies in staffing, facilities, equipment or procedures;" id. ¶ 7; and (6) prison officials may be held liable if they fail to act on a specific warning of danger to a particular prisoner. See id. ¶ 8.

To the extent Moore's objections accurately state the law, they do not apply to his case. First, Moore acknowledged in his Complaint that he "has not received an injury yet[.]" Compl. ¶ V. Moreover, as Judge Numbers concluded, Moore acknowledges that the day following the described incident, Pasquotank officials placed him in segregation where he remained at least up until the time he filed his Complaint on October 11, 2016. See Compl. ¶ V. Moore's transfer from Pasquotank on October 20, 2016, mooted his motion to enjoin the defendants from returning him to the general population. See, e.g., Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009); Incumaa v. Ozmint, 507 F.3d 281, 286–87 (4th Cir. 2007); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); Wright v. Bennett, No. 5:08-CT-3129-BO, 2010 WL 3075519, at *3 (E.D.N.C. Aug. 4, 2010) (explaining that "[t]he Fourth Circuit has consistently held that when a prisoner is no longer subject to the alleged unconstitutional condition, the claim is moot") (collecting cases). Thus, Judge Numbers

3

correctly concluded that Moore's request for injunctive relief is moot. These objections are overruled.

Next, Moore argues that he was not in protective custody at Pasquotank and that Pasquotank "refused to place [him] on protective custody." Obj. ¶ 3. Judge Numbers found, as a fact, that Moore was in Segregation at Pasquotank. M&R at 4. Judge Numbers' finding is supported by Moore's Complaint, where Moore states that after the incident on July 12, 2016 "[he] was placed in segregation on July 13, 2016 and [had] been there since." Compl. ¶ V; see also id. at ¶ VII (requesting injunction "to leave [Moore] on protective custody A-seg."). Thus, Judge Numbers correctly concluded that Pasquotank provided Moore the safety from threats he sought. See Lloyd v. MacNeish, No. 5:12-CT-3163-FL, 2015 WL 1391476, at * 6 (Mar. 25, 2015) (reasons for assigning an inmate to administrative segregation include "protect[ing] an inmate's safety[.]"); Sears v. Price, No. 5:11-CT-3208-FL, 2014 WL 1266830, at * 13 (E.D.N.C. Mar. 26, 2014) (reasons for placing an inmate in segregation include the inmate's personal health and safety). This objection is overruled.

Next, Moore argues that the defendants failed to save relevant video footage. Obj. ¶ 5. Moore's Complaint does not refer to the existence of video footage, however, in a letter to the court Moore states that he "asked the court to order Pasquotank to hold the video tape from Unit two C-Block downstairs on 7-12 for evidence." See Letter (D.E. 11). However, Judge Numbers did not conclude that Moore had not been threatened. Rather, Judge Numbers concluded that Pasquotank officials provided Moore adequate protection from threats. Thus, the video is not relevant to Judge Numbers' conclusion. This objection is overruled.

Next, Moore argues that when he was transferred to Alexander Correctional Institution, Pasquotank officials knew the problem would continue to exist because Pasquotank and

4

Alexander "switch out inmates on a regular basis." Obj. ¶ 9. However, Moore may not hold Pasquotank officials liable for his safety after he was transferred from Alexander. Moore must make any request for protective custody to the facility in which he is presently confined, as the Pasquotank defendants can only be held to be deliberately indifferent to an existing condition, not a speculative, future injury. See Patterson v. Lilley, No. 02 CIV.6056 NRB, 2003 WL 21507345, at * 4 n.3 (S.D.N.Y. June 30, 2003). He apparently did so. See Letter (D.E. 11) (stating he had requested "to remain on Protective Custody [at Alexander] for [his] safety" and wished not to be "return[e]d to Population."); see also Obj. ¶ 10 (stating he filed a complaint at Alexander "for the same purpose."). This objection is overruled.

Next, Moore argues that he should receive compensation "for infractions" and "expungement of disciplinary charges." Obj. ¶ 12. However, he provides the court no argument in support of this objection, merely restating the request made in his Complaint. See Compl. ¶ 7. However, merely reiterating the same arguments made in the pleading submitted to the magistrate judge does not warrant de novo review. See Veney v. Astrue, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008). Therefore this objection is overruled.

Finally, Moore claims that he "doesn't understand the Documents Received Dated March 9, 2017 signed by Robert T. Numbers ...." Obj. ¶ 13 (referring to M&R, D.E. 15). However, Moore's response to the M&R by way of his objections show that he amply understands the M&R. This objection is overruled.

In sum, the court ADOPTS the Magistrate Judge's M&R (D.E. 15) and DISMISSES the complaint. Moore's objections (D.E. 16) are OVERRULED. In light of the court's ruling, Moore's remaining Motions (D.E. 1, 7) are denied as MOOT.

SO ORDERED. This 5 day of July, 2017.

5

_____
TERRENCE W. BOYLE
United States District Judge